UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'   JS-6

| Case No. | 2:13-cv-08914-CAS(RZx) | Date | January 12, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. MINNIE LAVENDER | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Jacquelyne Nguyen | | Not Present | |

**Proceedings:** PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 28, filed September 15, 2014)

## I.   INTRODUCTION

This action arises from a debtor's default on a student loan. On December 4, 2013, plaintiff United States of America filed a complaint against defendant Minnie Lavender, seeking payment on two promissory notes. ECF No. 1 ("Cmplt."). On September 15, 2014, plaintiff filed a motion for summary judgment, dkt. 28, a statement of uncontroverted facts and conclusions of law, dkt. 28-2, and a declaration with exhibits, dkt. 28 (motion and declaration); dkt. 28-1 (exhibits). On December 22, 2014, defendant filed an opposition to the motion, dkt. 38, a statement of genuine issues of material fact in dispute, dkt. 39, and a declaration, dkt. 40. For the reasons stated below, the Court GRANTS the motion.

## II.   FACTUAL BACKGROUND

Except where noted, the facts are not in dispute. On November 31, 1987, defendant executed two promissory notes for the amounts of $2,500.00 ("Loan No. 1") and $2,650.00 (Loan No. 2"), payable to First America Savings, F.S.B. ("Holder"). The notes thus total $5,150.00, with interest accruing annually at 9.13% on Loan No. 1 and 8% on Loan No. 2. Dkt. 28, ex. 1 (certificate of indebtedness); id., ex. 3 (notes). The loans were guaranteed by plaintiff pursuant to Title IV-E of the Higher Education Act of 1965, Pub. L. 89-329, 86 Stat. 1219.

The Holder demanded payment on the loans. On February 22, 1990 and March 19, 1989, respectively, defendant defaulted on the two promissory notes. Dkt. 28, ex. 1, ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-08914-CAS(RZx) | Date | January 12, 2015 |
| Title | UNITED STATES OF AMERICA v. MINNIE LAVENDER | | |

The Holder made a claim on plaintiff's guarantee and assigned all rights and title in and to the notes to the Department of Education pursuant to 20 U.S.C. §1087cc(a)(5). As of February 1, 1999, defendant owed plaintiff $1,681.61 in principal, $247.13 in interest (accruing at a rate of $0.41 per day), and $86.44 in administrative costs. Dkt. 28, ex. 1; id., ex. 2 (account information).

On March 22, 1999, plaintiff demanded payment. Dkt. 28, ex. 4 (first demand letter). When defendant failed to comply, plaintiff turned over the account to its counsel for collection. On November 12, 1999, November 4, 2005, and November 2, 2011, plaintiff's counsel again sought payment. Id., ex. 5 (further demand letters). Defendant did not respond to plaintiff's counsel's letters. On December 4, 2013, plaintiff filed an action for collection. Cmplt. On January 6, 2014, defendant filed an answer denying the allegations, but asserting no affirmative defenses. Dkt. 7.

Defendant admits executing the two promissory notes. Dkt. 40 at 2. She asserts that in November 1987, she paid the proceeds of the loans to a school that promised to train her to become a corrections officer; however, the school committed fraud by closing its doors without providing any training. Dkt. 38 at 2; dkt. 40 at 2.

According to defendant, "[t]he Department of Education collected through the IRS offset of tax returns until paid in full." Dkt. 38 at 2; see also dkt. 40 at 2. Specifically, she avers that the debt "was paid in full through Internal Revenue Services Code Explanation of Transaction 896 on all payments totaling $7,537." Dkt. 39 at 2.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-08914-CAS(RZx) | Date | January 12, 2015 |
| Title | UNITED STATES OF AMERICA v. MINNIE LAVENDER | | |

nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## VI. ANALYSIS

Plaintiff's evidence supports its entitlement to judgment as a matter of law. Plaintiff's Exhibit 2 is an official record generated from the computerized database maintained by the United States government to track student loan repayment status. It shows that by February 1, 1999, defendant owed $1,681.61 in principal, $247.13 in interest, and $86.44 in administrative charges, which equaled a total of $2,015 in debt. Applying an interest rate of $0.41 per day as of December 3, 2013 brought the interest to $2,420.73 and the total to $4,188.78.[1] Exhibit 2 suffices as evidence of the amount due under the public records exception to the general rule barring the admission of hearsay, see Fed. R. Evid. 803(8), and places the burden of disproving that amount on defendant, see United States v. Irby, 517 F.2d 1042, 1043 (9th Cir. 1975) (citing S. Glass & Builders Supply Co. v. United States, 398 F.2d 109 (5th Cir. 1968)).

---

[1] Although the complaint was docketed on December 4, 2013, plaintiff uses December 3 as the operative date, which results in a savings to defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-08914-CAS(RZx) | Date | January 12, 2015 |
| Title | UNITED STATES OF AMERICA v. MINNIE LAVENDER | | |

    To overcome plaintiff's evidence, defendant relies on exactly the sort of "conclusory allegations [in] an affidavit" that the Supreme Court declares to be insufficient to withstand a summary judgment motion. See Lujan, 497 U.S. at 888; see also Celotex, 477 U.S. at 324. Although defendant argues in her opposition to the motion that "[t]he Department of Education collected through the IRS offset of tax returns until paid in full," dkt. 38 at 2, and specifies in her declaration that the debt "was paid in full through Internal Revenue Services Code Explanation of Transaction 896 on all payments totaling $7,537," dkt. 39 at 2, she furnishes no evidence to support her statements. As a result, she fails to make a factual showing capable of proving full payment of the debt in question. See Celotex, 477 U.S. at 322; see also Abromson, 114 F.3d at 902.

**V.     CONCLUSION**

    For the reasons explained above, the Court GRANTS Plaintiff's motion for summary judgment. Dkt. 28. IT IS HEREBY ORDERED that Judgment be entered favor of plaintiff United States of America against defendant Minnie Lavender for $1,681.61 in principal, $2,420.73 in interest, and $86.44 in administrative costs, for a total judgment of $4,188.78.

    IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| **Initials of Preparer** | | | **CMJ** |