UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:13-cv-08914-CAS(RZx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. MINNIE LAVENDER | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Jacquelyne Nguyen | Minnie Lavender, Pro Se | |

**Proceedings:** DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT UNDER LOCAL RULE 7-18 AND FED. R. CIV. P. 60(b) (Dkt. 45, filed Mar. 6, 2015)

**I.   INTRODUCTION**

This action arises from a debtor's default on a student loan. On December 4, 2013, plaintiff United States of America filed a complaint against defendant Minnie Lavender. Dkt. 1. On January 12, 2015, the Court granted plaintiff's motion for summary judgment. Dkt. 42. The following month, the Court entered judgment in favor of plaintiff for a total of $4,188.78. Dkt. 43. On March 6, 2015, defendant filed a motion for reconsideration of the order under Local Rule 7-18 and Fed. R. Civ. P. 60(b), dkt. 45, a memorandum of points and authorities, dkt. 46, and a declaration, dkt. 47. On March 27, 2015, plaintiff filed an opposition to the motion. Dkt. 49. The Court held a hearing on April 20, 2015. Having carefully considered the parties' arguments, the Court DENIES the motion.

**II.   LEGAL STANDARD**

Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:13-cv-08914-CAS(RZx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. MINNIE LAVENDER | | |

occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

Further, Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit has confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered [her] unable to prosecute [her] case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

**III.   DISCUSSION**

Defendant requests that the Court reconsider its January 12, 2015 order granting summary judgment in favor of plaintiff because defendant was allegedly "not allowed to present material to the judge before the decision was made." Dkt. 46 at 2. In reality, defendant had several chances to introduce evidence, but opted to ignore the opportunities to support her defense. On September 14, 2014, plaintiff moved for summary judgment. Dkt. 28. On September 22, 2014, defendant requested a continuance of the October 20, 2014 hearing on the motion because she purportedly had not received documents relevant to her defense. Dkt. 34. The following day, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08914-CAS(RZx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. MINNIE LAVENDER | | |

continued the hearing to January 12, 2015. Dkt. 37. Defendant responded by failing to introduce evidence, failing to attend the hearing, and failing to offer an excuse for her absence.

To the extent that defendant is attempting to state a Rule 60(b)(2) claim of "newly discovered evidence," defendant has still not provided any such evidence. Further, overwhelming federal authority confirms that the failure to introduce documents supporting an opposition to a motion does not transform any future tardy filings into "newly discovered evidence." See Sch. Dist. No. 1J, 5 F.3d at 1263 ("[F]ailure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.' "); Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 n. 4 (9th Cir.1987) (where plaintiff did not present affidavits to the district court when it heard a motion to dismiss and "offered no excuse for not presenting them at that time . . . the district court properly denied [plaintiff's] motion for reconsideration.").

Defendant has not established any of the bases for granting a motion for reconsideration under Local Rule 7-18 or Federal Rule of Civil Procedure 60(b). In addition to the aforementioned allegation that she was "not allowed to present material," defendant merely reasserts the previously rejected arguments from her opposition to the motion for summary judgment. In other words, defendant does precisely what Local Rule 7-18 forbids: she "repeat[s] . . . written argument made . . . in opposition to the original motion." Thus, the Court finds no occasion to revisit its ruling. See Ingenuity 13 LLC v. Doe, No. 2:12-CV-8333-ODW JCX, 2013 WL 3780519, at *2 (C.D. Cal. July 18, 2013) (holding that a motion for reconsideration "fails on every front" where, as here, the movant "does not assert a proper legal basis for reconsideration" and "uses it only as a vehicle to rehash his earlier-rejected arguments").

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08914-CAS(RZx) | Date | April 20, 2015 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA V. MINNIE LAVENDER | | |

## IV. CONCLUSION

Because defendant has not established a proper basis for reconsidering the Court's January 12, 2015 order granting plaintiff's motion for summary judgment under Local Rule 7-18 or Federal Rule of Civil Procedure 60(b), defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 05 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |